ORIGINAL    JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **JUN 1 9 2019**

UNITED STATES OF AMERICA      :

     :

     -v-      :

     :

CONLY SCHULTE,      :

     :

           Defendant.      :

     :

- - - - - - - - - - - - - - - - x

**INFORMATION**

19 Cr. ___ (DAB)

**19 CRIM 456**

### COUNT ONE
### (Conspiracy To Collect Unlawful Debts:
### Tucker Payday Lending Organization)

The United States Attorney charges:

1.     From approximately in or about 2003 up to and
including approximately in or about 2013, CONLY SCHULTE, the
defendant, and other individuals and corporations known and
unknown, were members and associates of an internet payday
lending enterprise owned and operated by Scott Tucker (the
"Tucker Payday Lending Organization"), a criminal organization
whose members and associates engaged in crimes including the
collection of unlawful debts.

2.     The Tucker Payday Lending Organization, including its
leadership, membership, and associates, constituted an
"enterprise," as that term is defined in Title 18, United States
Code, Section 1961(4) -- that is, a group of individuals and
corporations associated in fact. This enterprise was engaged
in, and its activities affected, interstate and foreign

commerce.   The Tucker Payday Lending Organization was an organized criminal group with leadership based in Overland Park, Kansas, and that operated throughout the United States, including in the Southern District of New York.   The Tucker Payday Lending Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.   At all relevant times to this Information, CONLY SCHULTE, the defendant, served as counsel to certain Native American tribes associated with the Tucker Payday Lending Organization.   In addition, from approximately in or about December 2003 up to and including approximately in or about January 2008, SCHULTE also represented an entity of the Tucker Payday Lending Organization.

4.   The purpose of the enterprise was to enrich the leader, members and associates of the enterprise through the collection of unlawful debts.

5.   The means and methods by which CONLY SCHULTE, the defendant, and his co-conspirators, and other members and associates, conducted and participated in the conduct of the affairs of the Tucker Payday Lending Organization were the operation of payday loan companies in the business of lending

2

money at rates usurious under State law, where the usurious
rates were at least twice the enforceable rate.

6.    From approximately in or about 2003 up to and
including approximately in or about 2013, in the Southern
District of New York and elsewhere, CONLY SCHULTE, the
defendant, and others known and unknown, being persons employed
by and associated with the enterprise described in paragraphs 1
through 5 above, namely, the Tucker Payday Lending Organization,
which enterprise was engaged in, and the activities of which
affected, interstate and foreign commerce, willfully and
knowingly combined, conspired, confederated, and agreed together
and with each other to violate Title 18, United States Code,
Section 1962(c), that is, to conduct and participate, directly
and indirectly, in the conduct of the affairs of that enterprise
through the collection of unlawful debt, as set forth below.

7.    The collection of unlawful debt, as that term is
defined in Title 18, United States Code, Section 1961(6),
through which the defendant and his co-conspirators agreed to
conduct and participate directly and indirectly in the conduct
of the affairs of the enterprise, consisted of the collection of
unlawful usurious debts, that is, debts which are unenforceable
under the laws of the State of New York and other States in

3

whole and in part as to principal and interest and which were incurred in connection with the business of lending money and a thing of value at rates usurious under the laws of the State of New York and other states, where the usurious rates were at least twice the enforceable rates.  It was a part of the conspiracy that CONLY SCHULTE, the defendant, and others known and unknown, agreed that a conspirator would commit at least one collection of unlawful debt in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

### FORFEITURE ALLEGATION

8.    As a result of committing the offense alleged in Count One of this Information, CONLY SCHULTE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, a sum of United States currency that represents (i) any interest acquired or maintained as a result of the offense alleged in Count One; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over of any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, as part of the offense charged in Count One; or (iii) any property,

constituting or derived from, any proceeds obtained, directly or indirectly, from the unlawful collection of debt charged in Count One of this Information.

### Substitute Asset Provision

9.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred or sold to, or deposited with, a third person;

(iii) has been placed beyond the jurisdiction of the Court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of

the defendant up to the value of the forfeitable property described above.

      (Title 18, United States Code, Section 1963; and
        Title 28, United States Code, Section 2461.)

GEOFFREY S. BERMAN DSN
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CONLY SCHULTE,

Defendant.

## INFORMATION

19 Cr. ___ (DAB)

(18 U.S.C. § 1962.)

GEOFFREY S. BERMAN
United States Attorney